UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IOSM, INC. dba ON-SITE HEALTH & SAFETY,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALFREDO MARTINEZ, LEE COX, and 1ST AID RESPONSE, INC.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 20-CV-314-CAB-WVG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>[Doc. No. 6] |

This matter is before the Court on Defendants' motion to dismiss the first, third, fifth, and part of the sixth claims in the complaint. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the reasons set forth below, the motion is granted in part and denied in part.

### I.　**Background**

On December 19, 2019, Plaintiff IOSM, Inc. dba On-Site Health & Safety ("IOSM") filed this lawsuit in San Diego County Superior Court. According to the complaint, IOSM "is in the business of providing first aid care to its customers; employees who sustain injuries while on the job site." [Doc. No. 1-5 at ¶ 8.] In 2009, IOSM expanded from the San Francisco area to begin providing these services in southern California. [*Id.* at ¶ 9.]

1

At that time, IOSM hired Defendants Alfredo Martinez and Lee Cox as field technicians for the southern California market. [*Id.* at ¶ 10.] IOSM subsequently promoted Martinez and Cox to field supervisors, placing them in charge of running IOSM's operations in the southern California market. [*Id.*]

While employed by IOSM, Martinez and Cox had access to IOSM's "(1) confidential customer lists and sales information, including customers' strategic buying habits, product requirements, key contact persons and protocols, (2) confidential vendor lists and sources of supply, (3) financial and accounting information and data, (4) marketing, development, production and merchandising plans and operations and (5) confidential physician orders." [*Id.* at ¶ 11.] On March 2, 2009, both Martinez and Cox signed employee confidentiality agreements with IOSM pursuant to which they agreed to: (1) hold IOSM's confidential information in confidence; (2) not disclose it to others; (3) not reproduce it or use it for any purpose other than their duties for IOSM; and (4) return materials related to their employment to IOSM upon termination of their employment. [*Id.* at pages 17, 19.]

According to the complaint, in 2012 or 2013, while they were still employed by IOSM, Martinez and Cox formed a competing company called "1st Aid Response, Inc." and began using an IOSM trademark as part of their company's logo. [*Id.* at ¶ 15.] Martinez and Cox also used IOSM confidential information to solicit customers and stole supplies from IOSM to stock 1st Aid Response. [*Id.*] In addition, while still employed by IOSM, Martinez and Cox disparaged IOSM's services to its customers and handed out IOSM business cards with their personal phone numbers on the back. [*Id.* at ¶ 16.]

In 2013, IOSM's president, Virginia Siegel, and its CFO, Zulema Garcia, became suspicious because employee morale was low, IOSM was ordering more supplies than usual, and equipment was disappearing. [*Id.* at ¶ 17.] IOSM conducted an audit and found that a variety of supplies were missing. [*Id.*] Siegel discussed the missing supplies with Martinez and told him she was going to take over supervision of the southern California market. [*Id.* at ¶ 18.] IOSM then terminated Martinez in November 2013. [*Id.* at ¶ 19.]

In January 2014, Cox resigned at IOSM's request. [*Id.*] Neither Martinez nor Cox returned IOSM's confidential information, including customer lists and protocols. [*Id.*]

After leaving IOSM, Martinez and Cox began telling IOSM customers that they had taken over the business and began using posters and stickers that they stole from IOSM for the benefit of 1st Aid Response. [*Id.* at ¶ 20.] They also solicited IOSM employees to work for 1st Aid Response by making false and disparaging statements about IOSM. [*Id.*]

The complaint names Martinez, Cox, and 1st Aid Response as defendants and asserts six claims: (1) breach of the duty of loyalty; (2) trademark infringement; (3) breach of contract; (4) intentional interference with advantageous business relations; (5) misappropriation of trade secrets; and (6) unfair competition under California Business and Professions Code section 17200. Defendants removed the complaint to federal court on February 19, 2020, on the grounds that this Court has federal question jurisdiction over the trademark infringement claim and supplemental jurisdiction over the remaining claims. Defendants now move to dismiss the first, third, fifth, and part of the sixth claims as time-barred and on the ground that the request in the sixth claim for disgorgement of profits as an illegal remedy.

## II. Legal Standards

The familiar standards on a motion to dismiss apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions

of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

### III. Discussion

Defendants argue that based on the allegations in the complaint, the breach of loyalty, breach of contract, misappropriation of trade secrets, and the portion of the unfair competition claim based on misappropriation of trade secrets, are all time-barred. In its opposition, IOSM concedes that the breach of loyalty and misappropriation of trade secrets claims are time-barred. Accordingly, the motion is granted as to those two claims. The remaining arguments in the motion to dismiss are addressed below.

### A. Breach of Contract Claim

The contracts in question for this claim are the employee confidentiality agreements that Martinez and Cox signed in March 2009. The complaint alleges that Martinez and Cox breached their agreements by: (1) forming 1st Aid Response and using IOSM's trademark as part of the company logo; (2) using IOSM's "confidential, proprietary business information, including its customer lists and protocols, to steal [IOSM's] supplies to stock their competing company and to secretly solicit [IOSM's] customers"; (3) disparaging IOSM to its customers; and (4) handing out IOSM business cards with Martinez's and Cox's personal phone numbers written on the back and telling the customers to call Martinez and Cox directly for first aid services. [Doc. No. 1-5 at ¶ 40.]

According to Defendants, this entire claim is barred by California's four-year statute of limitations for breach of contract claims. Cal. Civ. Code § 337(a). In its opposition, IOSM does not dispute that the complaint alleges that Martinez and Cox first breached their employee confidentiality in 2013, which is more than four years before the complaint was filed. Nevertheless, IOSM contends only that the breach of contract claim survives with respect to Martinez's and Cox's actions in violation of their confidentiality

4

agreements that occurred within four years of the complaint based on the "continuous accrual" doctrine.

Under the continuous accrual doctrine, "a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013). "Generally speaking, continuous accrual applies whenever there is a continuing or recurring obligation: 'When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period.'" *Id*. at 1199 (quoting *Hogar Dulce Hogar v. Cmty. Dev. Comm'n*, 110 Cal.App.4th 1288, 1295 (Cal. Ct. App. 2003)). If the continuous accrual doctrine applies, it "supports recovery only for damages arising from those breaches falling within the limitations period." *Id.*

Defendants argue that the continuous accrual doctrine only applies when a defendant has a recurring obligation to make periodic payments. [Doc. 8 at 3.] The Court is not persuaded. Although cases finding that the continuous accrual doctrine applies often involve periodic or recurring payment obligations, under *Aryeh* the doctrine can apply in other circumstances. Here, Martinez and Cox each had continuing obligations to comply with the terms of their employee confidentiality agreements. *Cf. Aryeh*, 55 Cal. 4th at 1200 (noting that "[b]y its nature, the duty [Defendant] owed . . . was a continuing one, susceptible to recurring breaches," and that "each alleged breach must be treated as triggering a new statute of limitations"). The complaint, albeit in a conclusory manner, alleges that they each breached obligations under these agreements through conduct that occurred within the statute of limitations period. To the extent specific actions by Cox or Martinez that occurred within four years of the filing of the complaint constitute independent breaches of the confidentiality agreements, IOSM's breach of contract claim as to those alleged breaches is not time-barred simply because separate breaches may have occurred outside of the statute of limitations period. At the same time, IOSM's recovery for breach of contract is limited to damages arising from breaches that occurred within four

5

years of the complaint. IOSM cannot recover damages attributable to breaches that occurred outside of the limitations period.

Defendants also argue that much of the conduct IOSM alleges in connection with this claim do not actually constitute breaches of the employee confidentiality agreements. In particular, Defendants contend that the employee confidentiality agreements do not preclude Martinez and Cox from forming a competing company, disparaging IOSM, or from handing out business cards with IOSM's logo. In its opposition, IOSM does not argue otherwise, contending only that the complaint states a breach of contract claim with respect to Martinez's and Cox's alleged uses of IOSM's customer lists and protocols to solicit IOSM customers and with respect to the use of IOSM's trademark as part of 1st Aid Response's logo. Accordingly, the breach of contract claim is dismissed to the extent it is premised on anything other than these alleged actions.

The breach of contract claim is also dismissed to the extent it is premised on Martinez's and Cox's use of IOSM's trademark. IOSM's trademark is not confidential or a trade secret. Therefore, although the alleged use of the mark in connection with 1st Aid Response may be relevant to other claims in the complaint, it does not support the breach of contract claim.

Accordingly, in light of the foregoing, the breach of contract claim survives dismissal only to the extent it is premised on Martinez's and Cox's alleged use of customer lists and IOSM protocols to solicit IOSM customers that occurred within four years of the filing date of the complaint. In all other respects, the motion to dismiss is granted as to this claim.

### B. Unfair Competition Claim

Defendants move to dismiss this claim in part because the claim is based in part on the misappropriation of trade secrets claim that IOSM has conceded is time-barred. Defendants also move to dismiss this claim to the extent IOSM seeks disgorgement of profits because that is an improper remedy for an unfair competition claim. In opposition, IOSM argues that these requests are procedurally improper because the claim is based on

6

more than an alleged misappropriation of trade secrets and argues that it is not seeking disgorgement of profits. Ultimately, the Court declines to parse the allegations related to this claim and dismiss or strike words or phrases. As there does not appear to be any dispute that this claim is time-barred to the extent it is premised on the misappropriation of trade secrets, the motion to dismiss is granted in that regard. The motion is denied in all other respects as to this claim.

**IV. Conclusion**

In light of the foregoing, it is hereby **ORDERED** that the motion to dismiss is **GRANTED IN PART** as follows:

1. Claim one for breach of the duty of loyalty and claim five for misappropriation of trade secrets are **DISMISSED** as time-barred;
2. Claim three for breach of contract is **DISMISSED IN PART** as discussed herein; and,
3. Claim six for unfair competition is **DISMISSED** to the extent it is premised on Defendants' alleged misappropriation of trade secrets.

In all other respects, the motion to dismiss is **DENIED**. This case shall proceed as to the second and fourth claims, and what remains of the third and sixth claims.

It is **SO ORDERED**.

Dated: April 3, 2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge